[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11875
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00011-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL PAGAN RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 14, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Raul Rodriguez appeals his 71-month sentence impassed at the high end of the applicable guideline range, after he pleaded guilty to one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951. Rodriguez argues here that his sentence was substantively unreasonable in light of his two other mandatory 84-month sentences, which the district court was required to impose to run consecutively under § 924(c)(1)(A)(ii). Rodriguez argues that a sentence at the bottom of the guideline range for conspiracy to commit robbery would have been sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

## I.

In October and December of 2010, Rodriguez and two co-conspirators committed two armed robberies of La Tienda Mexicana, a small store in Fanning Springs, Florida. Rodriguez pleaded guilty to one count of conspiring to interfere with commerce by robberies, threats or violence, in violation of 18 U.S.C. § 1951, and two counts of using, carrying or possessing a firearm during, in relation to, or in furtherance of a robbery affecting commerce in violation of §§ 924(c)(1)(A)(ii) and 2.

During Rodriguez's plea hearing, the government advised the court that Rodriguez was armed during the robberies. Rodriguez denied that he entered the store with a firearm during the October robbery. While he acknowledged being

2

armed during the December robbery, he disputed the severity of his actions, claiming that he had not pointed his gun at the store owner, but had merely placed it on the counter. The Magistrate Judge accepted the government's version of the facts and recommended that the district court accept the guilty plea, which it did.

The Presentence Investigation Report (PSI) explained that under 18 U.S.C. § 924(c)(1)(A)(ii) the two counts for armed robbery carried a minimum term of imprisonment of seven years (or 84 months) each to run consecutively to the term imposed for conspiracy. The PSI calculated a guideline range of 57 to 71 months for the conspiracy count. Neither party filed objections to the PSI, and at sentencing both parties assented to the PSI's findings and guideline calculations.

The court sentenced Rodriguez to a total of 239 months imprisonment, arrived at with a 71-month sentence for conspiracy together with two mandatory 84-month consecutive sentences for armed robbery. The court explained that it was, at least in part, persuaded to impose a sentence at the high end of the guideline range for the conspiracy in light of the victim impact statement of Ms. Esther Osorio, who "suffered tremendously and continues to suffer as a result of the trauma" incurred during the robberies. The court also stated "I have carefully considered all of the factors under the law that I must consider, specifically in 18 U.S.C. 3553(a), and . . . I do find that a sentence of 239 months is sufficient but not

greater than necessary to comply with the purposes of sentencing set forth under the law." Neither party objected.

## II.

Rodriguez attacks his 71-month sentence as substantively unreasonable. He argues that in light of his mandatory consecutive 84-month sentences, a sentence at the low end of the guideline range was sufficient, but not greater than necessary, to achieve the goals of sentencing. Rodriguez also asserts that the court erred because it did not explain how his sentence was consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and that those factors warranted a sentence at the lower end of the guideline range.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the

pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. at § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first examine the procedure by which the district court arrived at the sentence. Gall, 552 U.S. at 51, 128 S. Ct. at 597. A sentence is procedurally unreasonable if, inter alia, the district court failed to consider the § 3553(a) factors or failed to explain adequately the chosen sentence. Id. "The sentencing [court] should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S. Cr. 2456, 2468 (2007). The sentencing judge need not explicitly explain every § 3553 assessment in detail. "Rather, an acknowledgement by the district judge that he or she has considered the § 3553(a) factors will suffice." United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007).

Once we determine that the sentence was procedurally sound, we then examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. Gall, 552 U.S. at 51, 128 S. Ct. at 597. "The party challenging the sentence bears the burden to show the sentence is unreasonable in light of the record and the § 3553(a) factors." United States v.

Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight to be given to any particular factor under § 3553(a) is left to the sound discretion of the district court, absent a clear error of judgment. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation marks omitted).

### III.

Upon review of the record and consideration of the arguments of the parties, we affirm.

The district court stated expressly that it had considered the § 3553(a) factors, thus establishing procedural reasonableness under the standards set forth in Rita and Turner.

Rodriguez's sentence was also substantively reasonable. During the sentencing hearing, the district court stated that it decided to impose a sentence at

the high end of the guideline range because the Guidelines did not take account of the fact that the victim had "suffered tremendously and continues to suffer as a result of that trauma."  Notably, the record indicates that Rodriguez and his accomplices twice entered the store, robbed it while holding victims at gunpoint, stole thousands of dollars, and restrained the victims before fleeing.  The court's consideration of the impact on the victim and the nature of the offenses was appropriate, given that § 3553(a) instructs the court to consider the nature and circumstances of the offense, as well as the seriousness of the crime.  See 18 U.S.C. § 3553(a)(1)-(2).  Rodriguez has therefore failed to demonstrate that his 71-month sentence was outside the range of reasonable sentences that the district court was permitted to consider.  See Irey, 612 F.3d at 1190.

Because, Rodriguez has not demonstrated an abuse of discretion by the district court, we affirm his 71-month sentence.

**AFFIRMED.**